IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-3-D

| | |
|---|---|
| LAWRENCE J. PEARCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

On January 10, 2023, Lawrence J. Pearce ("Pearce" or "plaintiff"), an Arizona state inmate proceeding pro se and in forma pauperis, filed this action under the Camp Lejeune Justice Act of 2022 ("Camp Lejeune Justice Act"), Pub. L. No. 117-18, § 804, 136 Stat. 1802 (2022) [D.E. 1, 5, 6]. On January 31, 2023, the court directed Pearce to file a response, explaining whether he completed the administrative exhaustion process, including the date that he submitted a claim and the date that the Navy denied it. See [D.E. 7].

On February 10, 2023, Pearce filed a response [D.E. 8]. Pearce describes his efforts to exhaust his administrative remedies but contends that the Navy and "veteran representatives" refuse to send him the form, his prison will not allow the law librarian to download and print the form for him, he is not allowed "to receive any documents from the Navy or attorneys" because he is a convicted sex offender, he is not allowed to call any attorneys or the Navy, and he has not received a response to his request for assistance from the Arizona senators' offices he has contacted. Id. at 1–2. Pearce contends that he "had no choice but to file in court and bring to the attention the court and what is happening to him" and asks the court "to issue an order to the Navy to contact" a prison administrator "and make him aware of whats going [on] . . . [a]nd to provide the necessary forms needed in this matter." Id. at 3.

As the court explained to Pearce, he must first comply with the Camp Lejeune Justice Act's exhaustion provisions before filing suit under the Act, and "[t]he administrative exhaustion requirement cannot be waived." Fancher v. United States, ___ F. Supp. 3d ___, ___, No. 5:22-CV-315, 2022 WL 17842896, at *7 (E.D.N.C. Dec. 20, 2022). Accordingly, "the court lacks subject-matter jurisdiction in this case and [Pearce's] claim[] must be dismissed without prejudice." Brewer v. United States, No. 7:22-CV-00150, 2023 WL 1999853, at *2 (E.D.N.C. Feb. 14, 2023) (unpublished); cf. Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07, 514 (2006); In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).

Pearce's response raises a number of allegations which may constitute a basis for a civil rights complaint. Cf. Lewis v. Casey, 518 U.S. 343, 351–57 (1996); Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). Accordingly, the court directs the clerk to open a new civil rights action with Pearce's response and a copy of this order and to transfer the action to the United States District Court for the District of Arizona, where venue is proper. See 28 U.S.C. §§ 82, 1391(b). The court has not required Pearce to refile his allegations on the complaint form prescribed for use in this district or to complete an in forma pauperis application. The United States District Court for the District of Arizona is better positioned to address those issues.

In sum, the court DISMISSES the action WITHOUT PREJUDICE for lack of subject-matter jurisdiction and DIRECTS the clerk to open a new civil rights action with Pearce's response and a copy of this order and to transfer the action to the United States District Court for the District of Arizona. The clerk shall close the case.

SO ORDERED. This 27 day of February, 2023.

JAMES C. DEVER III
United States District Judge

2